**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA,

v.                                              CASE NO.  4:12cr48-RH/CAS

EDWARD BURD,

      Defendant.

_____/

## ORDER DENYING THE MOTION TO SUPPRESS

The Supreme Court has said that a law-enforcement agency may impound a
vehicle and inventory its contents without violating the Fourth Amendment, but
only if the agency does so under standardized criteria or established routine. *See*,
*e.g.*, *Florida v. Wells*, 495 U.S. 1, 4 (1990); *Colorado v. Bertine*, 479 U.S. 367, 375
(1987). A Florida Highway Patrol officer lawfully stopped the defendant Edward
Burd for driving with illegally tinted windows and lawfully arrested him for
violating his probation by leaving his home county. The officer impounded Mr.
Burd's car. At the impound lot, a drug dog alerted to the car, and a search turned
up roughly two kilograms of cocaine in a hidden compartment. Mr. Burd has

moved to suppress the cocaine on the ground that the FHP's impoundment criteria were insufficiently detailed to comply with *Wells*, *Bertine*, and similar cases.

Upon Mr. Burd's arrest, any prudent officer would have impounded this car. The traffic stop and eventual arrest occurred on an interstate highway. Leaving the car unattended in the emergency lane would have created a hazard; the emergency lane exists on an interstate highway for the safety of vehicles using the road, not for parking abandoned vehicles. Mr. Burd had a passenger, but allowing him to take the car would have been imprudent; neither Mr. Burd nor the passenger owned the car or could even say who owned it, and the license plate and registration did not match. The record includes no evidence that any FHP officer has ever allowed an arrested driver to leave a car parked alongside an interstate, or that any FHP officer has ever turned over a car to a passenger to accommodate a driver who could make no greater showing than this of any right to control the car.

Mr. Burd says, though, that no matter how prudent impounding a car might otherwise be, the Fourth Amendment prohibits it, unless done based on standardized criteria or established routine. *Wells*, *Bertine*, and other cases support the proposition, though one might well doubt their applicability in circumstances in which any prudent officer would impound the car.

The issue ultimately makes no difference to the outcome here. The FHP has a written policy on impoundment:

Vehicles shall be towed and impounded in the following situations:

1. To secure evidence of a crime.

2. To protect the public or property of the public.

3. To protect the owner's/driver's vehicle and property within that vehicle.

4. To protect the Division from liability claims.

5. If the driver has been arrested for Driving Under the Influence and no other licensed driver is available. Also, no vehicle will be left in the possession of any person who appears to be impaired from the use of alcohol or drugs.

6. If the vehicle has been vandalized.

7. As provided in Section 316.194(3), Florida Statutes [which addresses vehicles that have been abandoned on a bridge or causeway or in a tunnel, or on the public right-of-way, or are blocking traffic].

Def. Ex. 2.

Impounding Mr. Burd's car easily came within these criteria. Leaving the car in the emergency lane would not have protected the public; it would have risked a crash. Leaving the car with the passenger would not have protected the owner's car or any property the owner had in the car, because the officer had no reason to believe the passenger had the owner's permission to take control of the car and no reason to believe the passenger would protect the owner's interests. The FHP criteria are not a detailed set of instructions for every situation, but they provide enough guidance that any officer would know to impound this car.

Nothing more is required. If, as Mr. Burd seems to contend, the FHP criteria provide too little guidance for other circumstances, the answer is that those are not the circumstances here. Nothing in *Wells* or *Bertine* or related cases suggests that a defendant whose car is subject to being impounded under established criteria can nonetheless exclude seized evidence because the criteria are insufficiently detailed to deal with *other* circumstances.

Once impounded, the car could be fully searched. The FHP's inventory-search criteria—as distinguished from the FHP's impoundment criteria—apparently are not in this record, but Mr. Burd does not contest the existence or sufficiency of the inventory-search criteria. And in any event, while the car was in the impound lot, before the search now at issue, a drug dog alerted to the car, providing probable cause to search it, at least under the existing law of the circuit. *See United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir.2003). Mr. Burd makes no claim at this time—in this motion—that the dog was not properly trained or that the alert did not establish probable cause.

Finally, a word about the impounding officer's actual motives. I fully credit the officer's testimony. I find as a fact that the officer impounded the car based on the FHP impound criteria and for the purpose of protecting the public and the owner's interest in the car and any personal property the owner had in the car. The

officer may also have had an interest in searching the car for evidence of other criminal conduct. I assume the officer did have such a motive.

But a lawful decision to impound a car and to conduct an inventory search under standardized criteria or established routine does not violate the Fourth Amendment, and that is so even if the officer has an additional motive for conducting a search. In a mixed-motive case, one lawful motive is enough to uphold the search. *See*, *e.g.*, *United States v. Roberson*, 897 F.2d 1092, 1096 (11th Cir. 1990) ("[T]he mere expectation of uncovering evidence will not vitiate an otherwise valid inventory search.").

For these reasons,

IT IS ORDERED:

The motion to suppress, ECF No. 17, is DENIED.

SO ORDERED on October 22, 2012.

s/Robert L. Hinkle_____
United States District Judge