IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                              Case Nos.:        4:12cr48/RH/CAS
                                                   4:15cv135/RH/CAS

EDWARD BURD,

    Defendant.

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon an amended Motion to Vacate,
Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and
supplement thereto.   (ECF Nos. 70, 81).   The Government filed a
response (ECF No. 87) and Defendant has filed a reply.   (ECF No. 88).
The case was referred to the undersigned for the issuance of all preliminary
orders and any recommendations to the district court regarding dispositive
matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed.
R. Civ. P. 72(b).   After a review of the record and the arguments
presented, the court concludes that an evidentiary hearing is not required,
and that the amended § 2255 motion should be denied.   *See* Rules
Governing Section 2255 Cases 8(a) and (b).

BACKGROUND

Defendant Edward Burd was driving a vehicle on Interstate 10 when law enforcement conducted a traffic stop due to the excessive window tint on the vehicle. (ECF No. 34). The trooper arrested Burd for violation of probation after learning that he was serving an active term of felony probation and was restricted from travel outside of Dade County, Florida. Neither Burd nor his passenger was the owner of the vehicle, which was subsequently impounded. After the tow yard owner became concerned about a high level of interest in the impounded vehicle, he contacted law enforcement and asked them to check the vehicle. A drug dog alerted on the vehicle and just under two kilograms of cocaine were recovered from a hidden compartment. Law enforcement intercepted phone calls Burd made from the jail in which he appeared to discuss the window tint, his passenger, the hidden compartment and the cocaine.

Burd was charged in a single count indictment with possession with intent to distribute five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii). (ECF No. 1). The Government filed an Information and Notice of Intent identifying three prior controlled

substance convictions and indicating its intent to pursue enhanced penalties as a result of these convictions.   (ECF No. 7).   Appointed counsel, Federal Public Defender Randolph Murrell, moved to suppress the cocaine that was seized by law enforcement from Burd's vehicle, arguing that the vehicle had been unlawfully impounded after a traffic stop.   (ECF No. 17).   The court denied the motion after a hearing.   (ECF Nos. 30-31, 61).

One week later, Burd entered a conditional guilty plea pursuant to a written plea agreement.   (ECF Nos. 34-36, 58).

The Final Presentence Investigation Report ("PSR") assessed a base offense level of 26, less a three level adjustment for acceptance of responsibility.   (ECF No. 41, PSR ¶¶ 19, 25).   Burd's total offense level would have been 23, but for the application of the chapter four enhancements.   Burd was considered a career offender because he had prior drug trafficking convictions as well as a conviction for aggravated battery on a law enforcement officer.   (ECF No. 41, PSR ¶ 27).   His total offense level, after the acceptance adjustment, was 34.   (ECF No. 41, PSR ¶ 28).   Burd's criminal history category would have been V but it became VI due to his career offender status.   (ECF No. 41, PSR ¶¶ 45-

47).   The applicable guidelines range was 262 to 327 months

imprisonment.   The court sentenced him to a term of 262 months.   (ECF

Nos. 48, 49, 62).

Burd appealed the district court's denial of the motion to suppress.

The Eleventh Circuit found there was no error and affirmed.   (ECF No. 65).

Defendant Burd timely filed the instant motion to vacate (ECF No.

68), which he subsequently amended pursuant to court order.   (ECF Nos.

69, 70).   He separates his motion into four grounds for relief, although

many of his arguments, particularly concerning the career offender

enhancement, overlap or are interdependent.   Burd also raised an

additional challenge to the career offender enhancement in a supplement.

(ECF No. 81).   The Government opposes the motion in its entirety.   (ECF

No. 87).

## ANALYSIS

<u>General Legal Standards</u>

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to § 2255 are

extremely limited.   A prisoner is entitled to relief under section 2255 if the

court imposed a sentence that (1) violated the Constitution or laws of the

United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided

adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d

362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d at 1316 n.18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For

the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (citing *Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

(counsel was not ineffective for failing to raise issues clearly lacking in merit).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the

standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One-Ineffective assistance of counsel – Prior Convictions

Burd contends that counsel was constitutionally ineffective because he failed to object to the prior convictions used to support the career offender adjustment.

Pursuant to the Sentencing Guidelines, a convicted defendant is considered a career offender if: 1) he is at least 18 years old at the time he committed the instant offense; 2) the offense is a crime of violence or a controlled substance offense; and 3) defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined, in part, as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, distribution, or

dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, distribute, or dispense.   U.S.S.G. § 4B1.2(b).

The offenses identified in the PSR as supporting the application of the career offender adjustment are found in paragraphs 41, 42 and 43 of the PSR.   Burd was convicted in 1998 of Trafficking in Cocaine and conspiracy to traffic 400 grams or more but less than 150 kilograms of cocaine.   (ECF No. 41, PSR ¶ 41).   He was released from prison in November of 2003, and in April of 2005 he was charged with possession of cocaine with intent to sell/deliver, an offense involving an unspecified amount of "crack" cocaine.   (ECF No. 41, PSR ¶ 42).   His third qualifying conviction was aggravated battery on a law enforcement officer after Burd used his vehicle to ram a police vehicle trying to initiate a traffic stop. (ECF No. 41, PSR ¶ 43).   Burd admitted the three prior convictions at sentencing.   (ECF No. 62 at 10-14).

At sentencing, counsel objected to the consideration of the two trafficking offenses in paragraph 41 of the PSR.   The court noted that the Eleventh Circuit had held that a mere trafficking conviction was insufficient, without some *Shepard* approved document to show that it was a predicate

offense.   (ECF No. 62 at 8).   Even if the convictions in paragraph 41 were not considered, as acknowledged by defense counsel, there were two qualifying convictions that were sufficient to sustain the application of the career offender enhancement.   (ECF No. 62 at 9).

Burd argues that pursuant to the Eleventh Circuit's decision in *Young v. United States*, 936 F.2d 533, 538 (11th Cir. 1991), his prior state drug conviction must be substantially similar to a conviction under a federal trafficking statute to qualify as a "controlled substance offense."   In *Young*, the court found that the defendant's prior convictions for attempting to obtain controlled substances by use of "forged prescriptions" were not "drug trafficking crimes" and hence were not proper career offender predicates.   *Young,* 936 F.2d at 538.   *Young* is not analogous to the case at bar, because the conduct giving rise to Burd's conviction for possession with intent to distribute controlled substances is proscribed by 21 U.S.C. § 841(1)(2).

Burd also appears to contend that the lack of a mens rea element in the Florida statute precludes a conviction thereunder as a predicate offense.   This position has been rejected by the Eleventh Circuit.   *See*

*United States v. Gilmore*, 631 F. App'x 711, 713-714 (11th Cir. 2015) (citing *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

Next, Burd seems to argue that cocaine base, a derivative of cocaine, is not a scheduled controlled substance and that a conviction involving cocaine base may not be used to enhance his sentence.   (ECF No. 70-1 at 7-9).   Burd states that the "enhancement imposed by the Court pursuant to movant prior 2005 arrest and 2006 conviction aforementioned the sentence impose must be vacated."   (ECF No. 70-1 at 9).   If, by this statement, Burd seeks to challenge his Florida state conviction (ECF No. 41, PSR ¶ 42), this is not the proper forum for doing so.   As he was advised at sentencing, a challenge to this conviction must be raised in the state court. Furthermore, the court accepted *Shepard* documents into the record at sentencing.   (ECF No. 62 at 9).

Finally, Burd argues in his supplement that he no longer qualifies as a career offender after *Johnson v. United* States, 135 S. Ct. 2551 (2015), in which the Supreme Court ruled that the Armed Career Criminal Act's, ("ACCA") "residual clause" was unconstitutionally vague.   Any argument that *Johnson* applies to the Sentencing Guidelines is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

(2017). In *Beckles*, the Court held that the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause because "they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. Furthermore, as counsel noted at sentencing, Burd's conviction for aggravated battery on a law enforcement officer qualified as a predicate offense under the elements clause, not the residual clause. (*See* ECF No. 62 at 5).

Burd has not shown that there was any error or that counsel was constitutionally ineffective for not raising the issues identified above.

Ground Two- Improper delegation of power

Burd next contends that the promulgation of the sentencing guidelines allows a probation officer to recommend sentencing enhancements, which is the prosecutor's duty. The enhancements to which he refers were under §§ 4A1.1 and 4B1.1 of the Sentencing Guidelines.

The advisory guidelines are used to calculate a sentencing range that depends on a number of often complicated variables. It is the job of the Federal Probation Officer to identify salient sentencing factors under the

applicable law and prepare the PSR for the parties and the court to review before sentencing.   The parties have the opportunity to file written objections to the PSR and, typically, to argue their positions as to any unresolved issues before the sentencing court.   The probation officer's preparation of the PSR in no way usurps the duties or authority of either the prosecutor or the judge.   There is no improper delegation of power in this process.

Burd references title 21 U.S.C. § 851 in his discussion.   In doing so, he appears to contend that no guidelines enhancements can be applied unless the Government complies with this statute.   (ECF No. 70-1 at 14).   He is mistaken.

First, the Government provided the notice of Burd's prior convictions as required by statute to trigger the enhanced statutory penalties.   (ECF No. 7).   The applicable guidelines range in Burd's case was well within the statutory penalty parameters.

Second, there is no legal requirement that the Government provide notice of prior convictions which might impact calculations under the Sentencing Guidelines.   The Eleventh Circuit has specifically found that due process "does not mandate notice of where, within the statutory range,

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

the guidelines sentence will fall." *In re Griffin*, 823 F.3d 1350, 1354 (11th

Cir. 2016). Thus, a defendant who receives notice of a career offender

guidelines enhancement via the PSR has not suffered a due process

violation. *Id*. 823 F.3d at 1355.

Burd has shown neither error nor that counsel was constitutionally

ineffective for his failure to object.

Ground Three- Failure to Object to Career Criminal Designation

Burd next contends that the career criminal enhancement is a "non-

existent penalty," and that counsel should have objected to its application

to his case. To the extent he claims a due process violation, none exists,

as set forth above. Furthermore in rejecting a similar argument, the

Eleventh Circuit has observed that no decision of either the Eleventh Circuit

or the Supreme Court has held that the career offender provision of the

Guidelines is a non-existent penalty. *United States v. Viaud*, 601 F. App'x

833, 835 (11th Cir. 2015).[1]

---

[1] *Viaud* also noted that no court had held that applying the career offender provision
without complying with § 851(a)(1) violates due process. *Viaud*, 601 F. App'x at 835.

Ground Four- Preservation of Evidence / Motion to Suppress

Burd's fourth ground for relief pertains to the preservation of evidence and counsel's litigation of his motion to suppress.   In his motion, he asserts that his attorney did not object to the destruction of "the one and only sole piece of material exculpatory evidence."   (ECF No. 70 at 8). The "evidence" to which Burd refers is the degree of tinting on the window the vehicle he was driving.   He asserts that Officer Smith lied about the darkness of the window tint, which was the purported reason for the initial traffic stop, and that counsel refused to test the windows himself or address this issue with the court.[2]

At the suppression hearing the court stated "I take it [Defendant's] admitted the legality of the stop and the legality of the arrest."   (ECF No. 61 at 6).   Counsel did not disagree.   Florida Highway Patrol Sergeant Smith and Trooper Sleigher testified, in passing, that Smith initiated the traffic stop after observing the vehicle with dark window tint.[3]   (ECF No. 61

---

[2]  Burd references an Exhibit to his amended motion in conjunction with this claim, but the clerk did not receive any exhibit with the amended motion.   (ECF No. 70-1 at 23, 24).   Nor was there an exhibit appended to his original motion.

[3]  The impoundment, rather than the traffic stop itself was the focus of the hearing, and thus there was no testimony regarding specific observations or the measurement of the tint.

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

at 10, 12, 44).   While not dispositive, both the Statement of Facts in

support of the plea agreement and the PSR include excerpts of recorded

telephonic conversations Burd had while in jail which suggest that he knew

the windows were tinted in a manner that would draw attention.   (ECF No.

34; ECF No. 41, PSR ¶ 11).   Furthermore, the statement of facts, signed

by Burd, reflects that upon conducting the traffic stop, law enforcement

determined that "the level of tint registered 1% transmission, well below the

legal limit of 28%."   (ECF No. 34 at ECF No. 41, PSR ¶ 4).   Burd did not

object to this fact at the plea proceeding, and similarly he acknowledged at

sentencing that he had read the PSR and discussed it with counsel but did

not raise any factual dispute.   (ECF No. 58 at 6-8; ECF No. 62 at 2).

There were no objections to the facts set forth in the PSR, and therefore

they may be deemed admitted.   *See United States v. Patterson*, 595 F.3d

1324, 1326 (11th Cir. 2010) (defendant admits for sentencing purposes, the

facts in the PSR to which he does not object); *United States v. Davis*, 587

F.3d 1300, 1303–04 (11th Cir. 2009) (<u>per</u> <u>curiam</u>).

---

Burd's assertion that Sergeant Smith lied about the window tinting is conclusory. Not only is it unsupported by any evidence, but the fact that it was never mentioned previously also suggests that the issue did not materialize until after Burd's unsuccessful appeal. He has failed to carry his burden of establishing that had counsel pursued or investigated this issue, the outcome of the proceedings would have been different.

Burd also references counsel's alleged "failure to suppress evidence due to Government's failure to preserve material evidence." (ECF No. 70-1 at 22). When counsel's alleged ineffectiveness involves a failure to competently litigate a Fourth Amendment claim, in order to demonstrate actual prejudice, the defendant must prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *Green v. Nelson*, 595 F.3d 1245, 1251-52 (11th Cir. 2010). Regardless of whether a defendant's guilt is established by the excludable evidence, the proper question is whether the outcome of the proceedings would have been different had the motion to suppress been filed and the evidence been excluded. *Jones v. United States*, 224 F.3d 1251, 1259 (11th Cir. 2000). In this case, Burd

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

has not established that a challenge to the validity of the initial traffic stop would have been successful.   Therefore, no relief is warranted on this claim.

Conclusion

For all of the foregoing reasons, the court finds that Burd has failed to show that any of the claims raised in his amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore Burd's motion should be denied in its entirety.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S.

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.     The amended motion to vacate, set aside, or correct sentence as supplemented (ECF No. 70, 81) be **DENIED**.

2.     A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 30th day of August, 2017.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 4:12cr48/RH/CAS; 4:15cv135/RH/CAS

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**